IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                          No. 4:06CR00106-01 JLH

FRANZ JOSEPH GREY                                                                           DEFENDANT

OPINION AND ORDER

Franz Joseph Grey has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For reasons that will be explained, the motion is denied.

Along with co-defendant Stanley Charles Johnson, Grey was indicted on a three count indictment. Count 1 charged him with possessing more than five false identification documents, *i.e.*, Social Security cards, in violation of 18 U.S.C. § 1028(a)(3). Count 2 charged him with possessing more than fifteen unauthorized access devices, *i.e.*, credit cards and bank account numbers, which were used to commit fraud in interstate commerce in violation of 18 U.S.C. § 1029(a)(3). Count 3 charged him with possessing counterfeit securities, *i.e.*, counterfeit American Express traveler's checks, with intent to deceive, in violation of 18 U.S.C. § 513(a).

After the Court denied Grey's motion to suppress evidence on which the charges were based, Grey entered a conditional guilty plea to Count 2, reserving his right to appeal the ruling on the motion to suppress. As a part of the plea agreement, the government dismissed Counts 1 and 3. The Court sentenced Grey to twenty-six months imprisonment, which was a variance upward from the guideline range of ten to sixteen months. The Court varied upward because the guideline range was inadequate to reflect the seriousness of Grey's offense and a longer sentence was needed to provide Grey with substance abuse treatment and mental health treatment.

Grey appealed, arguing four points for reversal: (1) the Court erred in denying Grey's motion to suppress; (2) the Court erred in denying Grey's motion for an investigator and a continuance of the hearing on the motion to suppress; (3) the Court erred in limiting the cross-examination of one of the government's witnesses at the suppression hearing; and (4) the Court imposed an unreasonable sentence. The Eighth Circuit affirmed. *United States v. Grey*, 365 Fed. Appx. 711 (8th Cir. 2010).

For his first ground for habeas relief, Grey argues that his lawyer was ineffective in four respects. He first argues that his lawyer failed adequately to challenge specific facts at the suppression hearing. Second, he argues that defense counsel failed to notify him that there was an order giving notice of a potential for an upward departure. Third, he argues that his lawyer told him that it was not necessary to challenge inaccuracies in the presentence report because he would only receive ten months imprisonment. Fourth, he argues that his lawyer failed to file an appeal in the Supreme Court of the United States as he had requested.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689, 104 S. Ct. at 2065. Because of the distorting effects of hindsight and the difficulty of viewing counsel's representation of the client from the perspective available to defense counsel at the time of trial, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. Proving that the deficient performance prejudiced the

defense requires showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695, 104 S. Ct. at 2068-69. In determining whether there is a reasonable probability that but for counsel's mistakes the result would have been different, the Court must consider the totality of the evidence before the judge or the jury. *Id*. at 695, 104 S. Ct. at 2069.

As to Grey's first argument, he cannot show that his lawyer made errors at the suppression hearing that were so serious that his lawyer was not functioning as the counsel guaranteed by the Sixth Amendment. As the transcript shows, Grey's lawyer was well prepared and vigorously represented him at the suppression hearing. The evidence showed that Grey was speeding and that he was stopped as a result of his speeding. Grey gave the officer a driver's license that used the name of Robert Brown. Grey admitted on cross-examination during the suppression hearing that the driver's license was "a fake driver's license." Grey contends, however, that his lawyer was ineffective for not establishing that the driver's license had a valid driver's license number. Grey asserts that the driver's license must have had a valid number because he used it to withdraw money from the Bank of America, which is a non-sequitur.

Grey cannot show that his lawyer's failure to pursue the issue of whether the driver's license had a valid number constituted deficient performance. It is hardly deficient performance on the part of Grey's lawyer not to spend time developing facts related to what was admittedly a fake driver's

license used in connection with crimes of dishonesty by Grey; to do so would have only highlighted Grey's lack of credibility and would have accomplished nothing of consequence for Grey.

The significance of the driver's license was that the arresting officer said that he found no record that it was a valid driver's license, and in denying the motion to suppress, the Court referred to the driver's license as one of the reasons that gave the arresting officer reasonable cause for continuing the traffic stop to investigate further. The Court's holding that the officer was justified in expanding the intrusion beyond the traffic stop was not based solely on the invalidity of the driver's license. Rather, the Court's holding was based on the totality of the circumstances, including the fact that Grey and his co-defendant had several large luggage bags in a rental vehicle for what was purported to be an overnight trip and the fact that the co-defendant admitted that he was in possession of Codeine without a prescription. Document #84, p. 6. Moreover, whether the driver's license was valid or not, the detention was not unreasonably long. Only twenty-three minutes elapsed from the time of the stop to the time of the arrest. Grey could not show that the stop was unreasonable in duration even if he showed that there was a valid driver's license number on the fake driver's license that he used. Thus, Grey cannot show that he was prejudiced by his lawyer's failure to prove that the driver's license had a valid number.

As noted, the evidence established that Grey was speeding, so the stop was lawful. According to the arresting officer, Grey was sweating,[1] was pale in the face, and was somewhat incoherent. Grey and his co-defendant gave conflicting accounts of where they had been and where they were going. The automobile was rented in the name of the co-defendant, who gave permission for the search. Thus, even if proof had been introduced that the driver's license number on the fake

---

[1] The traffic stop occurred on November 12, 2005.

4

driver's license that Grey was using actually corresponded to a legitimate driver's license, that fact would not change the outcome of the suppression hearing: the Court still would have denied Grey's motion to suppress.

In an affidavit filed after his section 2255 motion, Grey says that another "critical fact" was that an investigator tried to pressure him and his co-defendant into signing a consent to search form after the fact. Grey's testimony at the suppression hearing included these assertions, so it is not true that his lawyer failed to elicit that testimony at the suppression hearing.

Grey next argues that his lawyer was ineffective for failing to inform him of an order giving notice of the potential of an upward departure. There is only one order to which Grey could be referring, and that is a standard order that this Court issues after every conviction explaining the process that the Court will follow in sentencing. *See* Document #79. That order states that the Court will consider whether to impose a non-guideline sentence based on the factors in 18 U.S.C. § 3553(a). The Court explained to Grey at the change of plea hearing that the Court was not bound by the guidelines and could impose a non-guideline sentence. Grey acknowledged that he understood that the Court could do so. The Court informed Grey that the plea agreement did not bind the Court and if he pled guilty the Court would have the authority to impose the maximum penalty permitted by the law. Again, Grey acknowledged that he understood. Thus, Grey knew when he pled guilty that the Court might impose a non-guideline sentence because the Court so informed him at the change of plea hearing. Grey cannot establish that his lawyer was ineffective for failing to inform him of an order indicating that the Court might vary upward from the guidelines because Grey already knew that.

Grey next argues that his lawyer was ineffective because his lawyer told him that it was unnecessary to challenge inaccuracies in the presentence report since the term of imprisonment would be only ten months. Grey cannot establish that he was misled in that regard because, as mentioned, the Court explained to Grey at the change of plea hearing that the sentencing guidelines were advisory, not mandatory, and that the Court could impose a sentence up to the statutory maximum. Again, as noted, the Court explained to Grey that the Court was not bound by the plea agreement between him and the government. Moreover, the Court asked Grey at the change of plea hearing whether he believed that he had a promise or an agreement as to what the sentence would be, and Grey stated that he had no such promise or agreement. Grey cannot establish that he failed to challenge inaccuracies in the presentence report because he believed that he would receive no more than ten months imprisonment. Moreover, although Grey alleges that there are several inaccuracies in the presentence report, he makes no argument that correcting them would have changed the sentencing guideline range or the decision of the Court as to what sentence to impose. He does say that his mental health history does not support the condition of supervised release that he participate in mental health counseling, but he does not specify any statements regarding his mental health history that are inaccurate.

Finally, Grey contends that his lawyer was ineffective because he requested that his lawyer file a "full appeal all the way to the Supreme Court," and his lawyer failed to do so. The Eighth Circuit has rejected the argument now made by Grey:

> The right to counsel at trial is guaranteed by the Sixth Amendment, but the Fifth Amendment due process clause governs the right to counsel for appellate proceedings. *See Ross v. Moffitt*, 417 U.S. 600, 610-11, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Scott v. United States*, 473 F.3d 1262, 1264 (8th Cir.2007). Due process guarantees a criminal defendant a constitutional right to counsel for her first appeal, *Douglas v. California*, 372 U.S. 353, 357-58, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963),

6

> and that right encompasses the right to effective assistance of counsel, *Evitts v. Lucey*, 469 U.S. 387, 396-400, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).
>
> Due process does not, however, guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court. *Ross*, 417 U.S. at 617-18, 94 S.Ct. 2437; *see Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *see also* 28 U.S.C. § 1254 (writ of certiorari is discretionary). Since the right to effective assistance of counsel derives solely from the right to appellate counsel guaranteed by the right to due process, *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), a litigant like Steele without a constitutional right to counsel cannot "be deprived of the effective assistance of counsel." *Id.*; *see also Simpson v. Norris*, 490 F.3d 1029, 1033 (8th Cir.2007) ("where there is no constitutional right to counsel there can be no deprivation of effective assistance."). In the absence of a constitutional right to the effective assistance of counsel Steele's § 2255 claim for ineffective assistance cannot succeed.

*Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008).

Grey cites *United States v. Price*, 491 F.3d 613 (7th Cir. 2007), for the proposition that he does have a right to counsel for filing a petition for writ of certiorari in the United States Supreme Court. In that case, a judge of the Seventh Circuit held that the Criminal Justice Act, 18 U.S.C. § 3006A, and the Seventh Circuit's Criminal Justice Act Plan provide for appointed counsel to represent an indigent petitioner in filing a petition for writ of certiorari to the Supreme Court. The Eighth Circuit rejected that argument as a basis for habeas relief in *Steele*. *Steele*, 518 F.3d at 988.

As the Eighth Circuit also noted in *Steele*, even if a defendant has a right to counsel to file a certiorari petition, to obtain habeas relief the defendant would still have to show prejudice in order to establish a claim for ineffective assistance of counsel. *Id*. To show prejudice, the defendant would have to show that he would have succeeded in obtaining a writ of certiorari if the petition had been filed and that there is a reasonable probability that relief would have been granted. *Id*. at 988-89. Grey has made no showing that the Supreme Court would have granted his petition for writ of

7

certiorari, if one had been filed, nor that any relief would have been granted had the writ issued. Based upon the Court's familiarity with the record in this case and the standards of the Supreme Court in ruling on petitions for writ of certiorari, the Court can confidently say that there is no reasonable probability that the Supreme Court of the United States would have granted a writ of certiorari in this case.

For his second ground for relief, Grey argues that the confrontation clause was violated because the Court limited cross-examination of the arresting officer.[2] On direct appeal, Grey contended that the Court erred by imposing limits on cross-examination of this witness, and the Eighth Circuit affirmed. Thus, this issue has already been decided. It cannot be relitigated on collateral review. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Moreover, as the Eighth Circuit held on direct review, the limits imposed on cross-examination were within this Court's discretion. *Grey*, 365 Fed. Appx. 711, *1.

Grey's third argument is that his rights were violated because he requested a copy of the video surveillance tape in the officer's car but the motion was denied on its face without a hearing. After Grey's conviction and while his case was on appeal, he filed a *pro se* motion to preserve evidence in which he requested the Court to enter an order directing that the Jefferson County Sheriff's Department produce the surveillance tape from the arresting officer. Document #115. The United States attorney responded and stated that there was no surveillance tape to be preserved. Document #116. Consequently, the Court denied the motion as moot. Document #117. Although

---

[2] The officer had been discharged and was facing criminal prosecution for alleged acts of violence. The court held that there was no reason to pursue those allegations beyond the fact that charges had been filed because the officer likely would invoke his privilege against self-incrimination due to the fact that the charges had not been resolved.

Grey asserts that there must be a surveillance tape, he has offered no evidence or reason to believe that the response from the United States attorney was inaccurate.

Finally, Grey argues that his rights are being violated because he is forced to attend weekly psychological meetings against his will and that his doctor/patient confidentiality privilege is being breached because the Court ordered weekly psychiatric counseling. In the judgment and commitment order, the Court imposed as a condition of supervised release that the defendant must participate in mental health counseling under the guidance and supervision of the United States Probation Office. Grey had the opportunity to challenge that condition of supervised release on direct appeal, but he did not do so. Consequently, he cannot raise that issue on collateral review. *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010).

Furthermore, Grey's argument is without merit. According to 18 U.S.C. § 3583(d), the Court has the authority to impose as a condition of supervised release "any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate . . . ." Section 3563(b)(9) provides that the Court may impose as a discretionary condition of probation that a defendant undergo medical, psychiatric, or psychological treatment. The presentence report included information from medical records showing that Grey needed medical, psychiatric, or psychological treatment, so the Court was within the bounds of its authority to impose as a condition of supervised release that Grey participate in mental health counseling. *United States v. Cooper*, 171 F.3d 582, 587 (8th Cir. 1999).

As a part of his argument on this point, Grey contends that the Court erred in considering his needs for psychiatric or psychological treatment in deciding to vary upward. The statute, however, directs the Court to consider the need for the sentence imposed "to provide the defendant with

9

needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). In imposing sentence, therefore, the Court was required to consider Grey's needs for psychiatric or psychological treatment. Moreover, as noted, Grey appealed his sentence and the Eighth Circuit affirmed, specifically mentioning Grey's need for mental health treatment as an appropriate basis for imposing a sentence above the guideline range. *Grey*, 365 Fed. Appx. 711, *1.

## CONCLUSION

For the reasons stated, the motion of Franz Joseph Grey to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. Document #125. Because Grey has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability will issue. 28 U.S.C. § 2253(c). Grey's *pro se* motions for leave to proceed *in forma pauperis* and to appoint counsel are denied as moot. Documents #128 and #130.

IT IS SO ORDERED this 2nd day of June, 2011.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE